# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LOWELL N. PAYNE, JR.,**

          **Plaintiff,**           Civil Action 2:18-cv-646
                                         Judge Algenon L. Marbley
          v.                            Magistrate Judge Chelsey M. Vascura

**MARK HOUK,** *et al.*,

          **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Lowell N. Payne, Jr.'s Motion for Relief from the Court's August 8, 2018 Order and Notice of Deficiency ("August 8 Order"). (ECF No. 6.) For the following reasons, Plaintiff's Motion for Relief is **DENIED**, and this matter is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

## I.

**A.**    **Rule 60(b)**

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). Because the Court has not entered a final order in this matter, Plaintiff cannot rely on Rule 60(b). *See Consolidation Coal Co. v. U.S. Dep't of Interior*, 43 F. Supp. 2d 857, 862-63 (S.D. Ohio 1999). The Court therefore construes Plaintiff's Motion as a request for reconsideration of an interlocutory order.

The Court has discretion to reconsider interlocutory orders at any time. *See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004). Plaintiff,

however, has identified no clear error of law, has presented no newly discovered evidence, has provided no intervening change in controlling law, and has not identified any manifest injustice. Accordingly, the Court will not exercise its discretion to reconsider the August 8 Order. *See Philips v. Teamsters Local Union*, No. 3-:05-CV-292, 2007 WL 397011, at *1 (S.D. Ohio Jan. 31, 2007). Plaintiff's Motion for Relief is therefore **DENIED**. (ECF No. 15.)

**B.     Failure to Submit Trust Statement or Pay the Required Filing Fee**

In its August 8, 2018 Order, the Court directed Plaintiff to either submit the required trust fund statement from his prison cashier or otherwise pay the requisite $400 filing fee by August 22, 2018. (ECF No. 5.) The Court specifically warned Plaintiff that failure to submit the required documentation or pay the requisite fee would result in dismissal of this action for failure to prosecute. (*Id.* at 4.)

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

Here, the Court specifically warned Plaintiff that failure to pay the requisite filing fee would result in the dismissal of his action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff, however, failed to submit the

2

required trust fund statement or pay the filing fee.  Moreover, in his Motion for Relief, Plaintiff expressly states that "Payne will not submit a prisoner petition or trust fund accounting." (ECF No. 6 at 2.)  The Court finds that Plaintiff's failure to comply with a clear order of the Court establishing a deadline constitutes bad faith or contumacious conduct.  *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order to submit a properly supported motion to proceed *in forma pauperis* motion or pay the filing fee within twenty days "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").  Accordingly, the Court **DISMISSES THIS ACTION WITHOUT PREJUDICE** pursuant to Rule 41(b).

## II.

For these reasons, Plaintiff's Motion for Relief (ECF No. 6) is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) for failure to submit the required trust fund statement or pay the requisite filing fee.  The Clerk is **DIRECTED** to terminate ECF Nos. 1 and 6 from the Court's pending motions list.  If Plaintiff intends to re-file this case, he must identify this action as a related case.

**IT IS SO ORDERED.**

**DATED:  August 24, 2018**               **s/Algenon L. Marbley**              
                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT COURT**