**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LOWELL N. PAYNE, JR.,**

        **Plaintiff,**                      Civil Action 2:18-cv-646
                                                Judge Algenon L. Marbley
     **v.**                                               Magistrate Judge Chelsey M. Vascura

**MARK HOUK,** *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Lowell N. Payne, Jr.'s Objection and Motion for Relief from the Court's August 24, 2018 Opinion and Order dismissing this case for failure to prosecute. (ECF No. 9.) For the following reasons, Plaintiff's Motion is **DENIED**.

**I.**

On July 2, 2018, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1). On July 3, 2018, the Clerk of Courts issued a Notice of Deficiency, (ECF No. 3), informing Plaintiff that his Motion was deficient because he had failed to include a certified copy of his prison trust fund statement as required by 28 U.S.C. § 1915. Plaintiff subsequently filed an Objection to the Clerk's Notice of Deficiency, (ECF No. 4), which the Court overruled, directing him to either pay the requisite $400.00 filing fee or submit the required trust fund statement by August 22, 2018. (*See* August 8, 2018 Order and Notice of Deficiency, ECF No. 5.) On August 21, 2018, Plaintiff filed a Motion for Relief from the Court's August 8 Order and Notice of Deficiency. (ECF No. 6.) The Court declined to review its interlocutory order and, because Plaintiff failed to pay the filing fee or submit the required trust fund statement,

dismissed this action pursuant to Federal Rule of Civil Procedure 41(b).  (*See* August 24 Opinion and Order, ECF No. 7.)

Plaintiff then timely filed the subject Motion seeking relief from the Court's August 24 Opinion and Order under Federal Rule of Civil Procedure 60(b).  The gist of Plaintiff's Motion is that he should be relieved from judgment because Court improperly required him to comply with 28 U.S.C. § 1915 without proper evidence that he is, in fact, a prisoner.

## II.

Rule 60(b) permits this Court to grant a motion for relief from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Although trial courts have "especially broad" discretion in considering motions made under Rule 60(b), "[t]he grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d. 499 (6th Cir. 2014) (internal quotation marks and citations omitted).

Plaintiff seeks relief under Rule 60(b)(4) and (6). Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citations omitted). Rule 60(b)(6) "is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550 at 553 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1708 (2015). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)), *cert. denied*, 137 S.Ct. 1201 (2017).

## III.

Plaintiff is not entitled to relief from judgment under Rule 60(b). As a threshold matter, Plaintiff is, in fact, a prisoner within the meaning of 28 U.S.C. §§ 1915A(c) and 1915(h). As discussed in the Court's August 8, 2018 Order:

> Under § 1915(h), a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff's assertion that he is not a prisoner is belied by his mailing address, which is the mailing address for the Marion Correctional Institution. (*See* ECF No. 4 at 2.) Moreover, an offender search through the Ohio Department of Rehabilitation and Correction's website affirms that Plaintiff is incarcerated at the Marion Correctional Institution for violating Ohio Rev. Code Ann. § 2907.02 (i.e., committing rape). *See* Offender Search, Ohio Dep't of Rehab. & Corr., https://appgateway.drc.ohio.gov/OffenderSearch /Search/Details/A204179.

(Aug. 8, 2018 Order & Notice of Deficiency 2, ECF No. 5.) Further, in his Complaint, Plaintiff admits that he detained in a state correctional facility. (Pl.'s Compl. 4, ECF No. 1-1.) Plaintiff's

3

insistence that he is not an inmate in subject Motion does not entitle him to relief under any provision of Rule 60(b). His Motion therefore plainly lacks merit and must be denied.

## IV.

For the foregoing reasons, Plaintiff's Motion for Relief is **DENIED**. (ECF No. 9.)

**IT IS SO ORDERED.**


**DATED: September 18, 2018**                                     <u>s/Algenon L. Marbley</u>
                                                                  **ALGENON L. MARBLEY**
                                                                  **UNITED STATES DISTRICT COURT**